IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HARVEY PATRICK SHORT,         *

    Plaintiff                     *

                    v.          *     CIVIL ACTION NO. DKC-06-2217

                           *

JOHN DOE, et al.,             *

    Defendants                    *

                           ******

**<u>MEMORANDUM</u>**

Defendants Governor Robert L. Ehrlich, former Warden William Smith, former Commissioner of Correction Richard Lanham, and former Secretary of Public Safety and Correctional Services Mary Ann Saar ("Correctional Defendants") have moved for dismissal or summary judgment against Plaintiff Harvey Patrick Short. Paper No. 10. Plaintiff has responded.[1] Paper Nos. 12 and 20. The issues in the motions have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the dispositive motion filed by Correctional Defendants will be granted and Plaintiff's claims against the remaining Defendants shall be dismissed.

---

[1] Plaintiff has filed a Motion for Copy Work (Paper No. 16) wherein he seeks a copy of the court's docket entries. The motion shall be granted.

Plaintiff's Motion to Serve the Amended Complaint and Motion Requesting U.S. Marshall Serve Amended Complaint (Paper Nos. 15 and 17) shall be denied for reasons stated in this opinion.

Plaintiff's Amended Complaints shall be permitted. The Clerk shall be directed to amend the docket to reflect William D. Missouri, William H. McCullough, Jack Johnson, Alexander Williams, John Doe Police Officer Prince George's County, Prince George's County Police Department, John Doe State Trooper #1, John Doe State Trooper #2, Governor William Donald Shaffer, Governor Parris Glendening, Bishop L. Robinson, Jane Doe Commitment Officer Manager, U.S.Air, Inc., Sheriff Pendergrass, Captain Harvey, Superintendent Patuxent Institution, Warden Maryland Correctional Training Center, Warden Maryland Reception and Diagnostic Center, Superfresh Food Market, and 7-11 Inc. are named as Defendants.

**Background**

Plaintiff's claims focus on events surrounding his June 26, 1988, guilty plea entered in the Circuit Court for Prince George's County, Maryland in Case Nos. 88-0281B and 88-067X. Plaintiff entered into a plea agreement which contemplated that he would plead guilty in Case No. 88-0281B to robbery with a deadly weapon, and guilty in Case No. 88-0867X to use of a handgun in the commission of a crime of violence. The State's Attorney agreed to recommend a fifteen-year prison term in each case, to be served concurrently. The presiding judge agreed to impose no more than a ten-year concurrent prison term if Plaintiff's Pre-Sentence Investigation (PSI) demonstrated no prior convictions for crimes of violence. Paper No. 1.

During the PSI Plaintiff was interviewed by an unknown probation agent. Plaintiff advised this agent that a 1985 burglary conviction noted in his record was inaccurate and that he had never been convicted of that offense. Nevertheless, the PSI report included the 1985 burglary conviction. The unknown agent and Probation Agent Pressie Boykin recommended in the PSI Report that Plaintiff receive the maximum penalty at sentencing.

At sentencing, the Honorable William D. Missouri declined to impose the ten-year term based on the 1985 burglary conviction, and sentenced Plaintiff to a 40-year term, with ten years suspended and five years probation upon release. *Id.* Plaintiff states that Assistant State's Attorneys White and Creech violated the plea agreement at sentencing in that they did not recommend Plaintiff be sentenced to the agreed-upon two 15-year concurrent terms.

Plaintiff pursued post-conviction relief in the Circuit Court for Prince George's County. On May 30, 1990, the Honorable William H. McCullough vacated the guilty pleas and sentences, finding that the 1985 burglary conviction referenced in the PSI Report was inaccurate and that the

State's Attorney breeched the plea agreement by failing to recommend a fifteen-year sentence. Judge McCullough ordered a new trial. On that same date, Plaintiff entered into a new plea agreement and received concurrent fifteen year sentences. *Id*.

On September 24, 1996, the Maryland Court of Special Appeals vacated Plaintiff's 15-year sentences, finding they violated the 1988 plea agreement. The intermediate appellate court remanded the cases for re-sentencing with instructions that Plaintiff receive no more than a ten-year term. *Id*. Thereafter, the Honorable Audrey E. Melbourne issued a corrected commitment record to reflecting a 10-year sentence and forwarded the corrected commitment record to the Maryland House of Correction-Jessup, Maryland. Judge Melbourne did so without holding a sentencing hearing. *Id*.

Plaintiff filed a Petition for Writ of Coram Nobis in the Circuit Court for Prince George's County, Maryland. On August 7, 2006, Prince George's County Circuit Court Judge Maureen Lamasney found that the corrected commitment record issued by Judge Melbourne was void.[2] The Judge referred the case to the State's Attorney for Prince George's County and ordered that Plaintiff be brought to Maryland for resentencing. *Id*. Instead, on March 30, 2007, the State's Attorney elected to enter a nolle prosequi in each case. Paper No. 20.[3]

---

[2] Plaintiff also filed a Petition for Coram Nobis in the Circuit Court for Baltimore City, Maryland. On April 12, 2006, the Honorable Evelyn Omega Cannon found the corrected commitment order invalid. Paper No. 1.

[3] The recitation of the procedural history of Plaintiff's case contained in the opinions of the Maryland Court of Special Appeals' ruling on Plaintiff's Application for Leave to Appeal from the Post-Conviction determination and the two Circuit Court rulings on Plaintiff's Petitions for Coram Nobis materially support Plaintiff's recitation of the procedural history of his case. Paper No. 10, Ex. 1–3.

## Standard of Review

**A.     Motion to Dismiss**

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U. S. 69, 73 (1989) *(*citing *Conley v. Gibson*, 355 U. S. 41, 45-46 (1957)). "While §1983 complaints that recite bare legal conclusions that are 'wholly devoid of facts' or that are not supported by specific facts pleaded, may warrant dismissal, conclusory legal assertions that are supported by the pleaded facts - even if the factual assertions are equally consistent with a contrary conclusion - should survive a Rule 12(b)(6) motion to dismiss." *Revene v. Charles County Commissioners*, 882 F.2d 870, 873 (4th Cir. 1989) (citations omitted). "In considering a motion to dismiss, the complaint must be construed in the light most favorable to the plaintiffs, and its allegations taken as true." *Finlator v. Powers,* 902 F.2d 1158, 1160 (4th Cir. 1990) (*citing Jenkins v. McKeithen*, 395 U. S. 411 (1969)).

**B.     Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be granted if

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
>
> Not every factual dispute will defeat the motion.  As the Supreme Court has stated, [b]y its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleadings, but must set forth specific facts showing that there is a genuine issue for trial." *Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc.*, 840 F.2d 236, 240 (4th Cir. 1988).  The court must "view the facts and draw reasonable inferences in a light most favorable to the nonmoving party," *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1993), but it must also abide by its affirmative obligation to ensure that factually unsupported claims and defenses to not proceed to trial.  *See Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-23 (1986)).

**Analysis**

**A.     Judicial Defendants**

In his original complaint, Plaintiff named Circuit Court Judge Audrey E. Melbourne as a Defendant. Paper No. 1.  In his amended complaints, Plaintiff seeks to add Circuit Court Judges William H. McCullough and William D. Missouri as additional defendants.  Paper Nos. 13 and 18.

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).  Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity.  *See Stump v. Sparkman*, 435 U.S. 349 (1978).  Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*, 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a

5

judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *See Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction. *Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57.

A review of Plaintiff's allegations against the judicial defendants does not compel the conclusion that the judges of the Circuit Court for Prince George's County, Maryland acted improperly. While it is clear that Judge Melbourne erred in issuing the revised commitment order without holding a new sentencing hearing as directed by the Maryland Court of Special Appeals, there is no evidence that she acted in "clear absence of all jurisdiction" as required by *Stump*. Likewise, there is no evidence that Judges McCullough and Missouri acted outside of their jurisdiction in regard to Plaintiff's case. Because judicial immunity precludes Plaintiff's recovery against these Defendants, sua sponte dismissal of Plaintiff's claims against the Judges of the Circuit Court of Prince George's County, Maryland is appropriate.

**B.      Prosecutorial Defendants**

In his original Complaint, Plaintiff named Assistant State's Attorneys for Prince George's County White and Creech as Defendants. In his amended complaints he seeks to include former

Prince George's County State's Attorneys Alexander Williams and Jack Johnson. Paper Nos. 13 and 18.

Prosecutors are immune from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process[.]" *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Springmen v. Williams*, 122 F.3d 211, 213 (4th Cir. 1997). Here, the alleged conduct, breach of a plea agreement, is "intimately associated with the judicial phase of the criminal process" and the named prosecutors are thus entitled to absolute prosecutorial immunity. *Imbler*, 424 U.S. at 430. For this reason, Plaintiff's claims against these Defendants are subject to dismissal.

**C.     Correctional Defendants**

In the original Complaint, Plaintiff brought suit against the Governor of the State of Maryland, Warden Smith, Richard A. Lanham, and the Secretary of Public Safety and Correctional Services. In amended complaints he seeks to add former governors Parris N. Glendening and William Donald Schaefer, the former Secretary of Public Safety and Correctional Services Bishop L. Robinson, "Jane Doe," a Commitment Officer Manager for the Maryland House of Corrections, "John Doe," a Superintendent of the Patuxent Institution, and the Wardens of the Maryland Correctional Training Center and Maryland Reception and Diagnostic Center ("Correctional Defendants"). Paper Nos. 13 and 18.

Plaintiff has alleged no personal involvement by any of these named Correctional Defendants, but contends that these individuals are responsible for his incarceration under what the Maryland state courts ultimately deemed to be an invalid commitment order. He bases this claim

7

on the Correctional Defendants' exercise of supervisory authority within or over the Division of Corrections.

Plaintiff does not allege, much less demonstrate, that any Correctional Defendant was aware that the commitment order would be deemed invalid. Granting Plaintiff's Complaint a generous construction and assuming he has named these Defendants based on their supervisory status, his claim must fail.[4]

In order for supervisory liability to exist in a §1983 action it must be established:

> (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices; and (3) that there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

*Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted); *see also Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984). There is nothing before the court which suggests that any Correctional Defendant knew or should have known that the commitment orders issued by the Circuit Court for Prince George's County would ultimately be invalidated. Accordingly, there is no basis for liability on the part of the Correctional Defendants.

**D.    Probationary Defendants**

Plaintiff claims that an unnamed probation agent, along with Probation Agent Pressie Boykin, violated his constitutional rights when they erroneously included a 1985 burglary conviction in his 1988 PSI Report. The PSI Report was ordered by the sentencing judge. Thus, the probation

---

[4] Such liability would be premised on the legal doctrine of respondent superior. The doctrine of respondeat superior does not apply to actions under 42 U.S.C. §1983. *See Monell v. New York Dept. of Social Services,* 436 U.S. 658, 691 (1978).

agents' actions in preparing the PSI Report were integrally related to the judicial process and therefore adjudicative acts entitled to absolute immunity. *See Turner v. Barry*, 856 F.2d 1539 (D.C.Cir.1988) (D.C. probation officers immune from suit); *Freeze v. Griffith*, 849 F.2d 172 (5th Cir.1988) (state probation officers immune from suit); *Dorman v. Higgins,* 821 F.2d 133 (2d Cir.1987) (federal probation officers immune from suit); *Tripati v. INS,* 784 F.2d 345 (10th Cir.1986) (federal probation officers immune from suit); *Demoran v. Witt,* 781 F.2d 155 (9th Cir.1986) (state probation officers immune from suit); *Hughes v. Chesser,* 731 F.2d 1489 (11th Cir.1984) (state probation officers immune from suit). Accordingly, Plaintiff's Complaint against the probation agents is subject to dismissal.

**E.     Prince George's County Government**

Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins***,** 487 U.S. 42, 48 (1988). There is no legal entity named "Prince George's County Government." Because Defendant "Prince George's County Government" is not a "person" subject to suit or liability under § 1983, Plaintiff's Complaint against it must be dismissed.[5]

---

[5]Even assuming Plaintiff had named the proper party, his claim against the "Prince George's County Government" is also subject to dismissal in that, as previously noted, the doctrine of *respondeat superior* does not apply to actions under 42 U.S.C. §1983.  *See Monell,* 436 U.S. at 691.

**F.     Law Enforcement Defendants**

In Amended Complaints, Plaintiff seeks to name the Prince George's County Police Department and an unnamed employee of that Department as additional Defendants. Plaintiff also seeks damages against two unnamed state troopers and Sheriff Pendergrass and Captain Harvey of the Mecklenburgh County, North Carolina government. Paper Nos. 13 and 18. Each of these law enforcement Defendants apprehended, incarcerated, or transferred Plaintiff based on facially valid warrants and/or commitment records. Plaintiff's claim that these Defendants falsely imprisoned him is without merit, there being no evidence indicating they could or should have known of the legal deficiency in Plaintiff's court-issued commitment record.

**G.     Remaining Defendants**

In Amended Complaints, Plaintiff seeks to name U.S. Air, Inc., Superfresh Food Market, and 7-11 Inc. as Defendants. Paper Nos. 13 and 18. These Defendants are private corporations. They cannot be held liable under § 1983 unless their employees acted under color of state law or willfully acted jointly with state actors in depriving Plaintiff of his rights. *See Dennis v. Sparks*, 449 U.S. 24, 27 (1980); *see also DeShaney v. Winnebago County D.S.S.*, 489 U.S. 189, 195 (1989)[6]. That employees of these corporations may have permitted law enforcement activity within their places of business and/or participated in Plaintiff's prosecution does not make them joint actors with agents of the State.

---

[6] The Fourteenth Amendment prohibits government from depriving any person of life, liberty or property without due process of law but does not require government to guard the protected interests of its citizens from invasion by private actors.

**Conclusion**

For the foregoing reasons, the Correctional Defendants' dispositive motion shall be granted.  Plaintiff's Complaint shall be dismissed as to all other Defendants.  To the extent that Plaintiff's Complaint can be construed as raising state law claims, this court declines to exercise supplemental jurisdiction.  *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs,* 388 U.S. 715, 726 (1966).  A separate Order follows.


   June 25, 2007                                     _____/s/_____
(Date)                                               DEBORAH K. CHASANOW
                                                     United States District Judge